MARCO FERINAC, Appellant, v. ITALIAN IMPORTING COMPANY et al., Appellees.

PRINCIPAL AND AGENT: Negligence. One may not be held
1 liable for the results attending the negligent act of another when, at the time of such acts, such negligent person was acting solely for a third party, even though, at times prior thereto, such negligent person had acted for the one sought to be held liable.

NEGLIGENCE: Unhitched Horse. Evidence reviewed, and held
2 sufficient to present a jury question on the issue of negligence in leaving a horse unhitched in a private yard adjacent to a public street.

*Appeal from Polk District Court.*—WILLIAM McHENRY, Judge.

June 24, 1918.

ACTION for personal injuries sustained by a minor. At the close of plaintiff's evidence, there was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed in part and reversed in part.*

*Jas. A. Merritt,* for appellant.

*Miller & Wallingford* and *Parker, Parrish & Miller,* for appellees.

EVANS, J.—The plaintiff, a child three years of age, was injured in a collision with a horse and wagon which were not in charge of a driver. The petition alleged that the horse and

wagon were the joint property of the defen-

1. PRINCIPAL
AND AGENT:
negligence.

dants and that the injury to the plaintiff re-
sulted from the negligence of a servant of the
defendants. The particular negligence speci-
fied was that one Santo, the alleged servant, had gone to the
home of the plaintiff, upon business of both of the defend-
ants'; that the residence of plaintiff's parents was situated
within a fenced enclosure, or yard; that Santo passed
through the gate, and failed to close the same; that he left
his horse standing near the gate without hitching the same;
that the plaintiff child passed through the open gate into the
street; and that the unhitched horse started on a trot down
the street, running over the child in its course. The motion
for a directed verdict was sustained, on the ground that
there was no evidence that Santo left the gate open; that
there was no evidence that he left his horse unhitched; nor
any evidence that it would have been negligent to leave the
horse unhitched; and that, as to the defendant the Italian
Importing Company, there was no evidence that Santo was
the servant of such defendant. The injury happened in the
early afternoon. There was a wedding party at the house
at the time. Some of the guests were present and oth-
ers were arriving. There were "kids outside." Whether
the "kids" were guests or whether they were there for
ulterior purposes does not appear. Some refresh-
ments in the form of beer and whisky had been purchased
by the groom for use at the wedding dinner. The errand
of Santo was to collect the bill for the refreshments.
The Italian Importing Company was engaged in the grocery
business. The defendant Dapolonia was the president of
that company. He was engaged on his own account in the
liquor business. He sold the refreshments to the groom.
The evidence is undisputed that the horse and wagon be-
longed to him and that Santo was his servant. It appears,
also, that Santo made deliveries, at the direction of his em-

ployer, at various times for the Italian Importing Company. His business at the home of the plaintiff, however, was exclu· sively that of his employer Dapolonia. So far, therefore, as the defendant Italian Importing Company is concerned, the verdict was properly directed, on the ground that Santo was not its servant, and was not engaged upon its business at the time of the alleged negligence.

It remains to consider whether there was any evidence from which a jury could find negligence on the part of Santo. There was no direct evidence that he left the gate open.

2. NEGLIGENCE: unhitched horse.

All that appears from the evidence at this point is that Santo necessarily came through the gate, and that it was open thereafter, and that the child passed through it to the street. Under the evidence, the jury would not be justified in finding that he was the only one that passed through the gate, or that he was the only one that could have left it open. Guests were arriving about the same time that he arrived. The "kids" were present in close proximity thereto. If, therefore, it were vital to the plaintiff's case to show that Santo left the gate open, we should have to hold that he had failed. But we do not think it was vital to his case. It may well be doubted whether a leaving of the gate open could be deemed as negligence unless it were made to appear that Santo knew of the presence of the child, or knew that he in- creased its peril thereby. The real pivot of plaintiff's case turns upon the question of whether the horse was left by Santo unhitched; and whether, under all the circumstances, it was negligent in him so to do. The evidence shows that, in a very few moments after Santo came into the house, the horse went trotting down the street. The witnesses who stopped him discovered no evidence of his having been hitched. There did not appear to be any hitching strap, broken or otherwise. We think the facts thus shown were sufficient to justify a finding of fact by the jury that the

horse was left unhitched. If such fact were found, it would then be a fair question for the jury whether, considering all the surrounding circumstances, as well as the character of the horse, it was negligence to leave him unhitched. A horse drawing a vehicle upon the street without control carries some presumption of fact against his absent driver. We think that the question whether Santo did leave the horse unhitched, and whether it was negligence to so leave him, under all the circumstances, were proper questions for the jury. *Migliaccio v. Smith Fuel Co.*, 151 Iowa 705; *Ash v. Century Lbr. Co.*, 153 Iowa 523.

As to the Italian Importing Company, the order of the trial court will be affirmed. As to the defendant Dapolonia, it will be reversed.—*Affirmed in part and reversed in part.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.